MEMORANDUM **
Arthur Duane Jackson appeals pro se from the district court’s judgment dismissing his 42 U.S.C. § 1983 action alleging that defendants violated his Fourteenth Amendment due process rights by denying him postconviction discovery of potentially exculpatory evidence. We have jurisdiction under 28 U.S.C. § 1291. We review de novo an order granting a motion to dismiss for failure to state a claim upon which relief may be granted, Cleghorn v. Blue Shield of Cal., 408 F.3d 1222, 1225 (9th Cir.2005), and we affirm.
Jackson contends that defendants have deprived him of evidence that his criminal conviction was obtained through fraud. He relies on Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), which requires a prosecutor to disclose exculpatory evidence to the defendant before trial. In District Attorney’s Office for the Third Judicial District v. Osborne, — U.S. —, 129 S.Ct. 2308, 174 L.Ed.2d 38 (2009), the Supreme Court made clear that Brady does not apply after the defendant is convicted and the case is closed. Id. at 2319-20. Rather, to state a due process claim, Jackson must allege that he has a substantive right to postconviction relief under state law, and that the state’s postconviction relief procedures “are fundamentally inadequate to vindicate” that right. Id. at 2320. Because Jackson failed to make these allegations, dismissal was proper.
Jackson’s contention, made for the first time on appeal, that Magistrate Judge Woehrle should have disqualified herself is without merit. Jackson “does not allege any ‘extrajudicial source’ ” for Judge Woehrle’s alleged bias, or “demonstrate such a deep-seated favoritism” on the part of Judge Woehrle “as to make fair judgment impossible.” United States v. Hernandez, 109 F.3d 1450, 1454 (9th Cir.1997) (per curiam).
Jackson’s remaining contentions are not persuasive.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.